UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SHAWN MARSHALL,

    Plaintiff,

    v.                               CAUSE NO. 3:23-CV-72-DRL-MGG

KELCY WILLIAMS,

    Defendant.

## OPINION AND ORDER

Shawn Marshall, a prisoner without a lawyer, filed a complaint raising three claims against Counselor Kelcy Williams. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

The complaint alleges Counselor Williams violated the Eighth Amendment "when she mentioned that [he] had a boyfriend in front of 15 to 20 other inmates." ECF 1 at 3. He explains, "she yelled out, you better leave me alone before I tell your Boyfriend and I said my Boyfriend! Who is that? She said you know who your boy is Jeremy Himes. I said you right that is my Boy are you mad?" *Id.* at 2. The complaint also alleges she

violated the Eighth Amendment when she told him, "your fag ass is getting out of my building and I promise you that you are going to get what's coming to you." *Id*.

Verbal harassment does not trigger constitutional protections unless it creates a risk of physical injury. *See Beal v. Foster*, 803 F.3d 356, 357-58 (7th Cir. 2015). This complaint does not plausibly allege Mr. Marshall's homosexuality was news to his fellow inmates. His immediate confirmation that he had a boyfriend gives no indication he was either surprised or concerned by her discussing it. Her threat that he would "get what's coming to you" did not cause him physical injury nor create a risk of such injury. Neither of these verbal remarks violated the Eighth Amendment.

The complaint alleges Counselor Williams violated the Eighth Amendment when she "had me moved into a room with the guy who had just put out his last roommate who was openly gay. And that's when I was assaulted." ECF 1 at 3. He alleges he was transferred out of Counselor Williams' building on June 1, 2022, and assaulted on June 5, 2022. The complaint does not plausibly allege facts from which it can be inferred that Counselor Williams had control over room assignments in Mr. Marshall's new building. Nor does it allege that the roommate attacked him because he was homosexual or that Counselor Williams had actual knowledge that the new roommate was a threat to Mr. Marshall given that he had not physically harmed his prior openly homosexual roommate.

A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the

2

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[When] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010).

This complaint does not state a claim for which relief can be granted. If Mr. Marshall believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form, which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

3

(1) **GRANTS** Shawn Marshall until **November 21, 2023**, to file an amended complaint; and

(2) **CAUTIONS** Shawn Marshall if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

October 30, 2023                                             *s/ Damon R. Leichty*
                                                             Judge, United States District Court